# EXHIBIT 5

# FILED EX PARTE AND UNDER SEAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
**F I L E D**

MAY 2 4 2022

Nathan Ochsner, Clerk of Court

*In re* Application of

CFE International LLC,

        Applicant,

JG Energy Consulting Corporation,

        Respondent.

Case No.

**APPLICANT'S MOTION TO FILE
EX PARTE AND UNDER SEAL**

REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002
(713) 469-3800

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

*Attorneys for Applicant CFE International LLC*

Pursuant to Local Court Rule 83.6.A, applicant CFE International LLC ("CFEi") moves to file the above-captioned action *ex parte* and under seal in its entirety until the requested subpoenas, if granted, have been successfully served on JG Energy Consulting Corporation ("JG Energy"), at which time CFEi will move to unseal the action. Moreover, in order to preserve the integrity of the seal, CFEi further moves, pursuant to 28 U.S.C. § 1782(a), for leave not to serve the parties to the underlying Mexican criminal proceeding with notice of issuance of the subpoena until after the action has been unsealed, at which point CFEi will promptly effect service.

## I.   ARGUMENT

### A.   The Application Should Be Filed Under Seal

Whether to seal a judicial filing lies within the discretion of the court. *June Med. Servs., LLC* v. *Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). In order to determine whether documents should be sealed, a court must balance the public's right to access against the interests favoring non-disclosure. *Id.* at 521. "[T]he right to inspect ... judicial records is not absolute." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As the Fifth Circuit has held, there are well-recognized situations in which sealing should be granted. *Fed. Sav. & Loans Ins. Corp.* v. *Blain*, 808 F. 2d 395, 399 (5th Cir. 1987).

This sealing motion presents such a situation. Here, the public has a very low interest in accessing the discovery requests at issue here. *See Leucadia, Inc.* v. *Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164-65 (3d Cir. 1993) (holding that there is no presumptive right to public access to materials filed in connection with discovery motions); *see also Food Delivery Holding 12 S.A.R.L.* v. *DeWitty & Assocs. CHTD*, 2021 WL 860262, at *1 (D.D.C. Mar. 8, 2021) (granting Section 1782 motion to seal in part because "[t]he need for public access to judicial documents is at a low ebb when discovery materials are at issue.")

Such a weak presumption of access should yield to the countervailing and higher values presented here of protecting against possible spoliation of evidence to be used in a Mexican criminal investigation raising allegations of corruption. *See Grupo México S.A.B. de C.V.*, No. 14-mc-00073-G-BH, Doc. #39 (N.D. Tex. Feb. 25, 2015) (attached hereto as Exhibit 1) (Section 1782 application filed *ex parte* and under seal to ensure that service would not be avoided and critical evidence sought would not be altered or destroyed prior to authorization of discovery); *see also In re Bank of Montreal*, No. 11-mc-00179-P1, Doc. #s 4, 5 (S.D.N.Y. May 19, 2011) (attached hereto as Exhibits 2 and 3) (request to seal Section 1782 application granted where there existed a risk of dissipation of evidence sought in subpoenas); In re Ex Parte *Application of CFE International LLC*, No. 1:22-mc-00365-LY-ML, Doc. # 18 (W.D. Tex. Apr. 28, 2022) (attached hereto as Exhibit 4) (granting CFEi's motion to seal and file *ex parte* a 1782 application seeking related discovery from another entity, Antaeus Group LLC, in connection with the same foreign proceeding underlying the instant petition). Premature notice of the application or the discovery requests in this matter may prompt JG Energy to take steps to destroy or remove evidence relevant to this matter from this Court's jurisdiction. Thus, sealing is warranted here.

Moreover, this sealing motion meets the additional standard set out in *June Medical Services,* which held that when "sealing is necessary, it must be congruent to the need." 22 F.4th at 521. In order to ensure that the sealing here is "congruent to the need," and no more, CFEi respectfully requests that the action be sealed only until the requested subpoenas, if granted, have been successfully served on JG Energy, at which time CFEi will promptly move this Court to unseal the action. This practice mirrors that of the U.S. District Court for the Western District of Texas for a recent section 1782 application filed by CFEi seeking related discovery materials in connection with the same underlying Mexican criminal proceeding as here, *see CFE International*

*LLC*, Exhibit 4, and of the U.S. District Court for the Northern District of Texas in *Grupo México S.A.B. de C.V.*, *supra*, in which that Court permitted the applicant to file its section 1782 application *ex parte* and under seal until service of the subpoenas. *Grupo México S.A.B. de C.V.*, No. 14-mc-00073-G-BH, Doc. #s 38, 39 (N.D. Tex.) (Doc. # 38 attached hereto as Exhibit 5) (motion and brief explaining that court had previously permitted filing of section 1782 application *ex parte* and under seal, and proposing unsealing upon service of subpoena); *id.*, Doc. #53 (attached hereto as Exhibit 6) (order granting unsealing application).

In order to preserve the integrity of the seal, CFEi further moves, pursuant to 28 U.S.C. § 1782(a), for leave not to serve the parties to the underlying Mexican criminal proceeding with notice of issuance of the subpoena until after the action has been unsealed, at which point CFEi will promptly effect service.

### B.     The Application Should Be Filed *Ex Parte*

The Court should also grant this application *ex parte*.  This practice would again mirror that of the U.S. District Court for the Western District of Texas for the recently filed section 1782 application in the *Antaeus Group* proceeding seeking related discovery materials in connection with the same underlying Mexican criminal proceeding as here, *see CFE International LLC*, Exhibit 4, and of the U.S. District Court of the Northern District of Texas in the *Grupo México* case, *see Grupo México*, Exhibit 6.

Indeed, applications under Section 1782 are frequently addressed on an *ex parte* basis. *In re Application of Eurasian Bank Joint Stock Co.*, 2015 WL 6438256, at *2 (N.D. Tex. Oct. 21, 2015) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to Section 1782 *ex parte*") (quoting *Gushlak* v. *Gushlak*, 486 F. App'x 215, 217, 2012 WL 2549813 (2d Cir. Jul. 3, 2012)); *see also In re Frederick*, 2020 WL 5742772, at *3, n.2 (W.D. Tex.

3

Sept. 24, 2020) (same). Courts in the Fifth Circuit routinely grant Section 1782 applications on an *ex parte* basis where the application is for issuance of subpoenas and the substantial rights of the subpoenaed entity are not implicated by the application. *In re Application of Eurasian Bank Joint Stock Co.*, 2015 WL 6438256, at *1. *See also In re Akhmedova*, 2020 WL 6376651, at *4 (W.D. Tex. Oct. 30, 2020) (granting *ex parte* Section 1782 application); *In re Ex Parte Application of Grupo Mexico SAB de CV for an Ord. to Obtain Discovery for Use in a Foreign Proceeding*, 2015 WL 12916415 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016) (granting *ex parte* Section 1782 application in aid of foreign proceeding in Mexico).

Here, premature notice of this application or the discovery requests may prompt JG Energy to take steps to remove evidence relevant to this matter from this Court's jurisdiction. The *ex parte* relief sought here is limited in scope—issuance of subpoenas to JG Energy for a deposition and production of documents—and does not adversely affect JG Energy's rights: JG Energy may, if it chooses, move to quash or modify the subpoena once served. *See In re Application of Eurasian Bank Joint Stock Co.*, 2015 WL 6438256, at *1.

## II.    CONCLUSION

For the reasons set forth above, CFEi requests that the Court grant its motion to file all papers in this action *ex parte* and under seal only until the requested subpoenas, if granted, have been successfully served on JG Energy, at which time CFEi will move to unseal the action. Moreover, in order to preserve the integrity of the seal, CFEi further moves, pursuant to 28 U.S.C. § 1782(a), for leave not to serve the parties to the underlying Mexican criminal proceeding with notice of issuance of the subpoena until after the action has been unsealed, at which point CFEi will promptly effect service.

Dated:      May 24, 2022

REED SMITH LLP

/s/      *William W. Russell*
State Bar No. 00794573
Fed. Bar No. 200426
811 Main Street, Suite 1700
Houston, TX 77002
Phone: 713.469.3800
Facsimile: 713.469.3899
wrussell@reedsmith.com

- and -

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Michael E. Gertzman (*pro hac vice* pending)
Mark F. Mendelsohn (*pro hac vice* pending)
Harris Fischman (*pro hac vice* pending)
Justin D. Lerer (*pro hac vice* pending)
Maria H. Keane (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019-6064

*Attorneys for Applicant CFE International LLC*

# EXHIBIT 1

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT      2015 FEB 25   PM 12: 51
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION          DEPUTY CLERK_____   NT

| | | |
|---|---|---|
| GRUPO MÉXICO S.A.B. DE C.V. | § § § § § | Misc. Civil Action No. 3:14-MC-00073-G-BH<br><br>Filed Under Seal |

### MEMORANDUM OF LAW IN SUPPORT OF
### GRUPO MÉXICO'S MOTION TO UNSEAL THE CASE

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 10 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 9 of 38
Case 3:14-mc-00073-G~~~   Document 39   Filed 02/25/15   Page 2 of 7   PageID 1321

GRUPO MÉXICO S.A.B. DE C.V. ("Grupo México") submits this Memorandum of Law in Support of its Motion to Unseal the Case, and would show as follows:

## I.    INTRODUCTION

Grupo México hereby requests this Court to unseal the case file because the initial reason warranting restriction of access ceases to exist. Records should be unsealed when the need for sealing expires.

On May 9, 2014, Grupo México filed an *ex parte* application for an order directing discovery in aid of foreign proceeding pursuant to 28 U.S.C. § 1782. *See Ex Parte* Application and Memorandum of Law in Support, Docket No. 1. Section 1782 permits restriction of access to the applicant and the Court; the respondent receives notice and an opportunity to object after the Court grants the application. Indeed, it is not uncommon for a Section 1782 application to be filed *ex parte*. *See In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1303 (S.D. Fla. 2011). And, under Local Civil Rule 79.3, this Court allows any document to be filed under seal that a statute requires or permits to be so filed.

The Court granted the *ex parte* application on October 27, 2014, and ordered respondents Highland Capital Management, L. P. ("Highland") and SAS Asset Recovery, Ltd. ("SAS") (collectively "the Respondents"), to produce all documents and communications responsive to Grupo México's subpoenas. *See* Sealed *Ex Parte* Order, Docket No. 5. Grupo México served its subpoenas on October 24, 2014 ("the Highland subpoena") and November 7, 2014 ("the SAS subpoena").[1] *See* Highland and SAS Subpoenas and Proofs of Service, Docket Nos. 6-7.

Once the Court granted the *ex parte* application, and Grupo México served its subpoenas on the Respondents, the rationale behind the seal expired. Because the power to seal court

---

[1]    On January 15, 2015, the Court ruled that SAS was served properly. *See* the Court's Order dated January 15, 2015, Docket No. 20 and Transcript of the January 15, 2015 Oral Argument, 43:20-44:5.

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 11 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 10 of 38
Case 3:14-mc-00073-G   Document 39   Filed 02/25/15   Page 3 of 7   PageID 1322

records should be used sparingly, and because the Mexican court may need to be informed of this section 1782 proceeding, the case should be unsealed.

## II.     ARGUMENT

**1.     THE REASON BEHIND THE SEALING OF THE *EX PARTE* APPLICATION HAS EXPIRED, AND THE NATURE OF THIS SECTION 1782 PROCEEDING WEIGHS IN FAVOR OF ACCESS**

Both the Supreme Court and the Fifth Circuit have made it clear that all documents filed in federal court are presumptively unsealed. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("the courts of this country recognize a general right to inspect and copy . . . judicial records and documents"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). The decision as to access is left to the discretion of the trial court. *Nixon*, 435 U.S. at 599. Although the presumption is "not absolute," *id.* at 598, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily," *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) (citation omitted).

The *ex parte* application necessarily restricted access, but the continued sealing of the case is no longer warranted. All parties have been served and are active case participants. In addition, the Mexican court may need to be informed of these section 1782 proceedings and access the case file.

**A.     The Default Posture Of Access Should Govern**

In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (court must consider "relevant facts and circumstances of the particular case"); *Belo*, 654 F.2d at 430. A failure to show that the countervailing interests outweigh the public's right of

3

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 12 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 11 of 38
Case 3:14-mc-00073-G___J   Document 39   Filed 02/25/15   Page 4 of 7   PageID 1323

access "means that the default posture of public access prevails." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1181-82 (9th Cir. 2006).

The pressing need  for evidence propelled Grupo México's *ex parte* application, which it filed under seal pursuant to Section 1782 because it was an *ex parte* matter.   Secrecy was intended to ensure that service would not be avoided and the critical evidence being sought would not be altered or destroyed prior to a court order authorizing discovery.   Without commenting on whether those goals were achieved, the reasons for filing under seal no longer apply.  Any reason initially relied upon to restrict access dissipated once the Court granted the *ex parte* application and both Highland and SAS were served.

The very nature of this proceeding instead provides a compelling reason in favor of disclosure and access.   Grupo México availed itself of 28 U.S.C. § 1782 as a vehicle for conducting discovery in the United States for use in a foreign proceeding.   The statute is designed to assist both foreign tribunals and litigants before such tribunals, and indeed, the Mexican court here may need to be informed of these proceedings.  It is no secret that Grupo Mexico has sought the discovery because it believes that Highland and/or SAS are necessary parties in the Mexican litigation.   That is an issue of Mexican law that the Mexican court will decide.  Because the case file may assist a foreign tribunal, which is a purpose contemplated by Section 1782, and there are no other countervailing interests, the Court should resort to the default posture of access.

**B.    Sealing Should be No More Extensive Than Necessary**

The scope of a seal must be narrowly tailored and supported by reasons reinforcing the need for secrecy.   "When courts find that a privacy interest justifies restricting the public's access, they restrict access in a way that will minimize the burden on the public's right, such as

4

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 13 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 12 of 38
Case 3:14-mc-00073-G--J   Document 39   Filed 02/25/15   Page 5 of 7   PageID 1324

by sealing or redacting only those records that contain sensitive information." *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517-18 (E.D. La. 2005) (citations omitted). "'A blanket sealing order . . . would rarely, if ever, be appropriate.'" *Id.* at 518 (additional citation omitted) (quoting *T.K. & R.K. v. Waterbury Bd. of Educ.*, No. Civ. 303CV1747, 2003 WL 22909433, at *1 (D. Conn. Oct. 19, 2003)).

Indeed, records are often sealed for a temporary purpose and may be unsealed when the need for sealing expires. *See United States v. Antar*, 38 F.3d 1348, 1362 (3d Cir. 1994) ("once an overriding interest initially necessitating closure has passed, the restrictions must be lifted"); *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 948 (9th Cir. 1998) ("consistent with history, case law requires release of transcripts when the competing interests precipitating hearing closure are no longer viable"). The Court "need not document compelling reasons to *un*seal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1181-82 (emphasis added).

Neither party can meet the heavy burden justifying the continued sealing of the parties' papers. The subject matter of the case does not warrant secrecy; Grupo México is merely seeking to discover which party is controlling and has an interest in the Mexican proceeding. But *every* document filed in this case has been sealed. That is especially problematic where, as here, the initial reason warranting restriction of access ceases to exist and the Mexican court may have an interest in accessing the case file. Therefore, because a seal should be used sparingly, the restrictions on the case should be lifted.

**2.    UNSEALING THE RECORD SERVES A PRACTICAL PURPOSE**

In addition to providing access to the Mexican court, unsealing the record also serves a practical purpose for the parties. Thus far, the parties have been required to file all documents in

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 14 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 13 of 38
Case 3:14-mc-00073-G&#x2014;A   Document 39   Filed 02/25/15   Page 6 of 7   PageID 1325

person in hard copy, which employs more time and resources than electronic filing. In addition, the sealed docket entries are not available to the parties on PACER making it difficult to conveniently access court records. Unsealing the record would allow the parties to file electronically and access the docket entries on PACER.

### III.   CONCLUSION

WHEREFORE, Grupo México respectfully requests that the Court grant its motion to unseal the case.

DATED: February 25, 2015                    Respectfully submitted,

                                            SIDLEY AUSTIN LLP


                                            By: _____
                                                Steven R. Selsberg
                                                sselsberg@sidley.com
                                                State Bar No. 18021550
                                                Wells Fargo Plaza
                                                1000 Louisiana Street
                                                Suite 6000
                                                Houston, TX 77002
                                                Telephone: (713) 495-4506
                                                Facsimile: (713) 495-7799

                                                Michelle Hartmann
                                                mhartmann@sidley.com
                                                State Bar No. 24032402
                                                Jacqueline Palma Malafa
                                                jmalafa@sidley.com
                                                State Bar No. 24079102
                                                2001 Ross Avenue, Suite 3600
                                                Dallas, Texas 75201
                                                Telephone: (214) 981-3300
                                                Facsimile: (214) 981-3400

                                                *Attorneys for Grupo México S.A.B. de C.V.*

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 15 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 14 of 38
Case 3:14-mc-00073-G-BH   Document 39   Filed 02/25/15   Page 7 of 7   PageID 1326

## CERTIFICATE OF CONFERENCE

I hereby certify to the Court that counsel for the parties have complied with the meet and confer requirement in Local Rule 7.1.

The personal conference required by Local Rule 7.1 was conducted by email on February 24, 2015 between Steven R. Selsberg, on behalf of Grupo México, and Katy Sheppard, on behalf of Highland and SAS. Counsel for Highland and SAS informed counsel for Grupo México that this motion would not be opposed if the parties entered into a confidentiality agreement, and that she would draft one. However, Ms. Sheppard would not commit to a date to produce a draft and the material terms of the confidentiality agreement have not been discussed.

_____
Steven R. Selsberg

## CERTIFICATE OF SERVICE

On this 25th day of February, 2015, the foregoing document and its attachments were manually filed with the Clerk of Court, U.S. District Court, for the Northern District of Texas. Service will be made in accordance with Federal Rule of Civil Procedure 5(b)(2) upon counsel for Highland and SAS as follows:

> Scott S. Hershman
> ssh@lhlaw.net
> Roger L. Mandel
> Rlm@lhlaw.net
> Katy J. Sheppard
> kls@lhlaw.net
> Lackey Hershman, L.L.P.
> 3102 Oak Lawn Avenue, Suite 777
> Dallas, Texas 75219
> (214) 560-2201
> (214) 560-2203 (Fax)

_____
Steven R. Selsberg

# EXHIBIT 2

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 17 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 16 of 38
Case 1:11-m    179-P1   Document 4   Filed 07/12/    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE APPLICATION OF ABC,                          :

For Order Pursuant to 28 U.S.C. § 1782 for the Issuance   :   11 Misc. 00179
of Subpoenas to DEF Company, GHI, N.A., JKL
Corporation and MNO, N.A.                          :

                                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[PROPOSED] SEALING ORDER

WHEREAS, the Applicant ("ABC") has applied for an order authorizing it to serve

subpoenas upon four entities ("DEF Company", "GHI, N.A.", "JKL Corporation" and "MNO,

N.A."); and

WHEREAS ABC has further applied for an order directing that the entire action,

including the identity of the parties, be filed under seal;

IT IS HEREBY ORDERED, that

    1.      The Application to seal the action is GRANTED, and the Clerk of the Court is

directed to file this entire case under seal.

    2.      Until further Order of the Court, all documents in this case shall be filed under

seal.

    3.      Any public record of this case shall not include the names of the parties, but rather

shall be referred to as follows: "IN RE APPLICATION OF ABC, For Order Pursuant to 28

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 18 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 17 of 38
Case 1:11-mc  179-P1   Document 4   Filed 07/12/   Page 2 of 2

U.S.C. § 1782 for the Issuance of Subpoenas to DEF Company, GHI, N.A., JKL Corporation and

MNO, N.A."

Dated:  New York, New York
      May 1, 2011

                                      THE HONORABLE SIDNEY H. STEIN
                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 20 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 19 of 38
Case 1:11-mc 179-P1   Document 5   Filed 07/12/   Page 1 of 4



MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P. C.

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION
212-880-9470

COUNSEL
E. SCOTT MORVILLO
GREGORY MORVILLO
ROBERT C. MORVILLO

SENIOR ATTORNEY
THOMAS M. KEANE

MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

**11 MISC 00179**

May 19, 2011

<u>Via Email</u>

The Honorable Sidney H. Stein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   In Re Application of Bank of Montreal, for Order Pursuant to 28 U.S.C. §
1782 for the Issuance of Subpoenas to American Express Company,
Citibank, N.A., Signature Securities Group Corporation and Wachovia
Bank, operating as Wells Fargo Bank, N.A. (the "Application")

Dear Judge Stein:

I represent the Bank of Montreal ("BMO") in the above-referenced matter, which seeks
leave to serve subpoenas on four financial institutions pursuant to 28 U.S.C. § 1782 in aid of an
action BMO intends to bring in the Superior Court of Justice in Ontario, Canada. I respectfully
write to request the Court's permission to file under seal (a) the Application, (b) the supporting
Declaration of Stanley J. Julien dated May 13, 2011, and the exhibits thereto (the "Julien
Declaration"), (c) my supporting declaration and the exhibits thereto, (d) the Memorandum of
Law in Support of *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782, (e) BMO's
Corporation Disclosure Statement, and (f) any order entered by the Court. BMO is prepared to
make all of the papers that it proposes to file under seal available for the Court's *in camera*
inspection.

1899 PENNSYLVANIA AVENUE NW, WASHINGTON, D.C. 20006   (202) 349-0122, FAX: (202) 419-0421

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 21 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 20 of 38
Case 1:11-mc   179-P1   Document 5   Filed 07/12/   Page 2 of 4

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

The Honorable Sidney H. Stein
May 19, 2011
Page 2

## Background

BMO believes that several borrowers and their confederates in the United States and Canada defrauded BMO out of more than $17 million through an elaborate "check kiting" scheme. BMO is presently preparing to bring an action against the participants in this alleged scheme in the Superior Court of Justice in Ontario, Canada. On May 13, 2011, BMO sought and obtained an *ex parte* order from the Ontario Superior Court of Justice (the "May 13 Order"), *inter alia*, (a) authorizing BMO to serve subpoenas on numerous financial institutions in the United States and Canada, including American Express Company, Citibank, N.A., Signature Securities Group Corporation and Wachovia Bank (the "SDNY Financial Institutions"), in connection with its investigation of the fraud and in furtherance of an action to be brought in the Superior Court of Justice; (b) directing the financial institutions to refrain from disclosing the existence of the subpoenas to, *inter alia*, the holders of the accounts being subpoenaed; and (c) requesting this Court's assistance in giving effect to its order.

The Superior Court of Justice granted the May 13 Order, placed BMO's application and the May 13 Order under a protective order, and included a provision in the May 13 Order prohibiting the subpoenaed parties from disclosing the existence of the application, the May 13 Order, or any act or conduct undertaken in compliance with that order, to any person or party, except for the limited purpose of complying with the order or obtaining legal advice with respect to compliance with the order. The court took these steps based on BMO's showing that, if the borrowers and their confederates become aware of BMO's investigation, they are likely to conceal or dissipate the stolen funds.

## Discussion

In considering whether to seal a document, courts should consider the "common law" right of access to the documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Under this test, a presumption of public access attaches to "judicial documents," that is, documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Assuming the Application constitutes a "judicial document," a court should consider the "weight" that must be given to the presumption of public access against "competing considerations," such as "the privacy interests of those resisting disclosure." *Id.* This weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," meaning that "[g]enerally the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Information that determines the substantial rights of parties, and which therefore should be monitored by the public, is given the greatest presumption of access. *United States v. Amodeo*, 71 F.3d 1044, 1049-50 (2d Cir. 1995). For documents in the middle of the spectrum, the weight of the presumption "must be determined by the exercise

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 22 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 21 of 38
Case 1:11-m(   179-P1   Document 5   Filed 07/12/1   )Page 3 of 4

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

The Honorable Sidney H. Stein
May 19, 2011
Page 3

of judgment . . . [which] can be informed in part by tradition. Where such documents are usually
filed with the court and are generally available, the weight of the presumption is stronger than
where filing with the court is unusual or is generally under seal." *Id.* at 1050.

This Application does not seek to determine any substantive rights. Rather, the Court is
faced with an application to grant discovery and the adjudication of the parties' rights will
proceed in Canada. *See In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) (§ 1782 simply a
discovery mechanism which does not subject a person to liability). Furthermore, as explained
above, the Superior Court of Justice has already determined that the sealing of BMO's
application for discovery is appropriate. Because this Application is not the sort of action that is
normally in the public eye, the presumption of access is lessened. *See In re Kolomoisky*, M19-
116, 2006 WL 2404332, *4 (S.D.N.Y. Aug. 18, 2006) (Robinson, J.) (sealing § 1782
application); *In re Letters Rogatory From Caracas, Venezuela, S.A. Concerning Cecilia Matos*,
No. M15-377 (MBM), 1998 WL 16004, * 1 (S.D.N.Y. Jan. 13, 1998) (Mukasey, J.) (order
appointing commissioner to take discovery under § 1782 filed under seal).

In contrast, the "competing considerations" weighing against the presumption of access
are strong. Courts have sealed records where they could be used to "work a financial fraud."
*Prescient Acquisition Group, Inc. v. MJ Pub. Trust*, 487 F. Supp. 2d 374, 376-77 (S.D.N.Y.
2007) (Castel, J.). There, one of the parties had submitted exhibits which revealed sensitive
financial details about the banking records of entertainer Michael Jackson, which the court
ordered to be sealed because it was worried they could be used to defraud him. *Id.; see also
Amodeo*, 71 F.3d at 1051 (in determining countervailing factors to public access, court should
consider sensitivity of information, including the "nature and degree of [any] injury" flowing
from unsealing the records).

Similarly, courts have also sealed applications under section 1782 where "open
inspection may be used as a vehicle for improper purposes." *In re Kolomoisky*, 2006 WL
2404332 at *4 (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). In *Kolomisky*,
an applicant seeking discovery under section 1782 asked that his papers be filed under seal
because he believed the information contained therein would be used against him in a pending
defamation lawsuit. *Id.* Finding that the applicant had "legitimate concerns" that the petition
would be used improperly, the Court granted his application. *Id.* Here, BMO asks that this
Application be sealed in order to prevent the putative defendants from using the Application to
learn about BMO's investigation and further dissipate assets taken from BMO. In this age of
electronic filing, Google searches, and instant access to information, there is a genuine risk that
the public filing of the Application and supporting papers will result in disclosure of the
investigation to those who might misuse the information.

Such considerations also operate to overcome any "qualified First Amendment right" of
access to these documents. As set forth above, this is not a situation where the documents at

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 23 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 22 of 38
Case 1:11-mc-179-P1   Document 5   Filed 07/12/11   Page 4 of 4

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

The Honorable Sidney H. Stein
May 19, 2011
Page 4

issue have historically been open to the press and public or where public access plays a positive
role in the consideration of this Application. *See Lugosch*, 435 F.3d at 120. The fact that BMO
has alleged a particular and specific injury that may come about as a result of allowing the
documents to be filed unsealed thus overcomes any qualified First Amendment right. *See
Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d
Cir. 2009) (upholding district court's sealing of documents upon specific finding party would
otherwise be subjected to "financial harm").

Thus, the countervailing considerations overcome any presumption of access and this
Court should order the entire Application placed under seal. *See In re Kolomoisky* 2006 WL
2404332 at * 4 (granting both petition for § 1782 application and petition to seal in one order); *cf.
Doe v. Ashcroft*, 317 F.Supp.2d 488 (S.D.N.Y. 2004) (Marrero, J.) (ordering sealing to preserve
non-disclosure provisions of statute).

* * *

For the reasons set forth above, BMO respectfully requests permission to file the
Application and related papers under seal. I am, of course, available to address any questions
your Honor may have regarding this request. Thank you for your consideration.

Respectfully submitted,

Jeremy H. Temkin

*[handwritten notation]* 5/19/11 Permission to file an application for discovery pursuant to 28 U.S.C. § 1782 under seal granted. So ordered. S.D.J.

# EXHIBIT 4

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 25 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 24 of 38
Case 3:14-mc-00073-G-BH   Document 38   Filed 02/25/15   Page 1 of 4   PageID 1316

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 FEB 25   PM 12: 51

DEPUTY CLERK _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GRUPO MÉXICO S.A.B. DE C.V. | § § § § § | Misc. Civil Action No. 3:14-MC-00073-G-BH |
| | | Filed Under Seal |

## GRUPO MÉXICO'S MOTION TO UNSEAL THE CASE

Respectfully submitted,

SIDLEY AUSTIN LLP

Steven R. Selsberg
sselsberg@sidley.com
State Bar No. 18021550
Wells Fargo Plaza
1000 Louisiana Street
Suite 6000
Houston, TX 77002
Telephone: (713) 495-4506
Facsimile: (713) 495-7799

Michelle Hartmann
mhartmann@sidley.com
State Bar No. 24032402
Jacqueline Palma Malafa
jmalafa@sidley.com
State Bar No. 24079102
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Attorneys for Grupo México S.A.B. de C.V.*

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 26 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 25 of 38

Case 3:14-mc-00073-G     Document 38   Filed 02/25/15   Page 2 of 4   PageID 1317

NOW COMES, GRUPO MÉXICO S.A.B. DE C.V. ("Grupo México") and files this Motion to Unseal the Case. Grupo México has separately filed a Brief in Support of its Motion to Unseal the Case, which Grupo México incorporates herein by reference.

1.      On May 9, 2014, Grupo México filed an *ex parte* application under seal for an order directing discovery in aid of foreign proceeding pursuant to 28 U.S.C. § 1782, Docket No. 1..

2.      On October 27, 2014, the Court granted the *ex parte* application and ordered respondents Highland Capital Management, L. P. ("Highland") and SAS Asset Recovery, Ltd. ("SAS") (collectively "the Respondents"), to produce all documents and communications responsive to Grupo México's subpoenas, Docket No. 5.

3.      Grupo México served its subpoenas on October 24, 2014 and November 7, 2014.

4.      As further described in the brief filed herewith, the continued sealing of the case is no longer warranted. All parties have been served and are active case participants.

WHEREFORE, Grupo México respectfully requests that the Court grant this motion to unseal the case.

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 27 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 26 of 38
Case 3:14-mc-00073-G·····   Document 38   Filed 02/25/15   Page 3 of 4   PageID 1318

DATED: February 25, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP

By:

Steven R. Selsberg
sselsberg@sidley.com
State Bar No. 18021550
Wells Fargo Plaza
1000 Louisiana Street
Suite 6000
Houston, TX 77002
Telephone: (713) 495-4506
Facsimile: (713) 495-7799

Michelle Hartmann
mhartmann@sidley.com
State Bar No. 24032402
Jacqueline Palma Malafa
jmalafa@sidley.com
State Bar No. 24079102
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

*Attorneys for Grupo México S.A.B. de C.V.*

3

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 28 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 27 of 38
Case 3:14-mc-00073-G···   Document 38   Filed 02/25/15   Page 4 of 4   PageID 1319

## CERTIFICATE OF CONFERENCE

I hereby certify to the Court that counsel for the parties have complied with the meet and confer requirement in Local Rule 7.1.

The personal conference required by Local Rule 7.1 was conducted by email on February 24, 2015 between Steven R. Selsberg, on behalf of Grupo México, and Katy Sheppard, on behalf of Highland and SAS. Counsel for Highland and SAS informed counsel for Grupo México that this motion would not be opposed if the parties entered into a confidentiality agreement, and that she would draft one. However, Ms. Sheppard would not commit to a date to produce a draft and the material terms of the confidentiality agreement have not been discussed.

Steven R. Selsberg

## CERTIFICATE OF SERVICE

On this 25th day of February, 2015, the foregoing document and its attachments were manually filed with the Clerk of Court, U.S. District Court, for the Northern District of Texas. Service will be made in accordance with Federal Rule of Civil Procedure 5(b)(2) upon counsel for Highland and SAS as follows:

Scott S. Hershman
ssh@lhlaw.net
Roger L. Mandel
Rlm@lhlaw.net
Katy J. Sheppard
kls@lhlaw.net
Lackey Hershman, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201
(214) 560-2203 (Fax)

Steven R. Selsberg

4

# EXHIBIT 5

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 30 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 29 of 38
Case 3:14-mc-00073-G-   Document 38   Filed 02/25/15   Page 1 of 4   PageID 1316

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

2015 FEB 25  PM 12: 51

DEPUTY CLERK_____

| | | |
|---|---|---|
| GRUPO MÉXICO S.A.B. DE C.V. | § | |
| | § | **Misc. Civil Action No.** |
| | § | **3:14-MC-00073-G-BH** |
| | § | |
| | § | **Filed Under Seal** |

## GRUPO MÉXICO'S MOTION TO UNSEAL THE CASE

Respectfully submitted,

SIDLEY AUSTIN LLP

Steven R. Selsberg
sselsberg@sidley.com
State Bar No. 18021550
Wells Fargo Plaza
1000 Louisiana Street
Suite 6000
Houston, TX 77002
Telephone: (713) 495-4506
Facsimile: (713) 495-7799

Michelle Hartmann
mhartmann@sidley.com
State Bar No. 24032402
Jacqueline Palma Malafa
jmalafa@sidley.com
State Bar No. 24079102
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

*Attorneys for Grupo México S.A.B. de C.V.*

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 31 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 30 of 38
Case 3:14-mc-00073-G·   ·   Document 38   Filed 02/25/15   Page 2 of 4   PageID 1317

NOW COMES, GRUPO MÉXICO S.A.B. DE C.V. ("Grupo México") and files this Motion to Unseal the Case. Grupo México has separately filed a Brief in Support of its Motion to Unseal the Case, which Grupo México incorporates herein by reference.

1.     On May 9, 2014, Grupo México filed an *ex parte* application under seal for an order directing discovery in aid of foreign proceeding pursuant to 28 U.S.C. § 1782, Docket No. 1..

2.     On October 27, 2014, the Court granted the *ex parte* application and ordered respondents Highland Capital Management, L. P. ("Highland") and SAS Asset Recovery, Ltd. ("SAS") (collectively "the Respondents"), to produce all documents and communications responsive to Grupo México's subpoenas, Docket No. 5.

3.     Grupo México served its subpoenas on October 24, 2014 and November 7, 2014.

4.     As further described in the brief filed herewith, the continued sealing of the case is no longer warranted. All parties have been served and are active case participants.

WHEREFORE, Grupo México respectfully requests that the Court grant this motion to unseal the case.

2

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 32 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 31 of 38
Case 3:14-mc-00073-G       Document 38   Filed 02/25/15   Page 3 of 4   PageID 1318

DATED: February 25, 2015                    Respectfully submitted,


                                            SIDLEY AUSTIN LLP



                                            By: _____

                                            Steven R. Selsberg
                                            sselsberg@sidley.com
                                            State Bar No. 18021550
                                            Wells Fargo Plaza
                                            1000 Louisiana Street
                                            Suite 6000
                                            Houston, TX 77002
                                            Telephone: (713) 495-4506
                                            Facsimile: (713) 495-7799

                                            Michelle Hartmann
                                            mhartmann@sidley.com
                                            State Bar No. 24032402
                                            Jacqueline Palma Malafa
                                            jmalafa@sidley.com
                                            State Bar No. 24079102
                                            2001 Ross Avenue, Suite 3600
                                            Dallas, Texas 75201
                                            Telephone:  (214) 981-3300
                                            Facsimile:  (214) 981-3400

                                            *Attorneys for Grupo México S.A.B. de C.V.*

Case 1:22-mc-91355-FDS    Document 4-6    Filed 07/18/22    Page 33 of 39
Case 4:22-mc-00896    Document 1    Filed on 05/24/22 in TXSD    Page 32 of 38
Case 3:14-mc-00073-G___    Document 38    Filed 02/25/15    Page 4 of 4    PageID 1319

## CERTIFICATE OF CONFERENCE

I hereby certify to the Court that counsel for the parties have complied with the meet and confer requirement in Local Rule 7.1.

The personal conference required by Local Rule 7.1 was conducted by email on February 24, 2015 between Steven R. Selsberg, on behalf of Grupo México, and Katy Sheppard, on behalf of Highland and SAS. Counsel for Highland and SAS informed counsel for Grupo México that this motion would not be opposed if the parties entered into a confidentiality agreement, and that she would draft one. However, Ms. Sheppard would not commit to a date to produce a draft and the material terms of the confidentiality agreement have not been discussed.

Steven R. Selsberg

## CERTIFICATE OF SERVICE

On this 25th day of February, 2015, the foregoing document and its attachments were manually filed with the Clerk of Court, U.S. District Court, for the Northern District of Texas. Service will be made in accordance with Federal Rule of Civil Procedure 5(b)(2) upon counsel for Highland and SAS as follows:

> Scott S. Hershman
> ssh@lhlaw.net
> Roger L. Mandel
> Rlm@lhlaw.net
> Katy J. Sheppard
> kls@lhlaw.net
> Lackey Hershman, L.L.P.
> 3102 Oak Lawn Avenue, Suite 777
> Dallas, Texas 75219
> (214) 560-2201
> (214) 560-2203 (Fax)

Steven R. Selsberg

# EXHIBIT 6

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 35 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 34 of 38
Case 3:14-mc-00073-G-BH   Document 53   Filed 04/18/15   Page 1 of 2   PageID 1428

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  | § |  |
| --- | --- | --- |
| GRUPO MEXICO SAB de CV | § | Civil Action No. |
|  | § | 3:14-MC-073-G-BH |
|  | § |  |
|  | § | **SEALED** |

### ORDER

Pursuant to the order of reference dated May 13, 2014 (doc. 3), before the Court are *Grupo Mexico's Motion to Unseal the Case*, filed February 25, 2015 (doc. 38), and *SAS Asset Recovery Ltd.'s Special Appearance to File Motion for Protective Order and Brief in Support*, filed March 18, 2015 (doc. 43), as well as the *Joint Submission of Grupo Mexico S.A.B. de C.V. and SAS Asset Recovery, Ltd. Concerning Grupo Mexico's Motion to Unseal the Case and SAS's Special Appearance to File Motion for Protective Order*, filed April 15, 2015 (doc. 51).

The parties agree that a protective order should be entered for the purpose of protecting confidential information that may be contained in the documents at issue, and that the case should be unsealed after a protective order has been entered. The parties disagree as whether use of the documents at issue should be limited to this litigation and the Mexican proceeding for which they were requested, or to any litigation involving the parties to the Mexican proceeding or that may arise out of this litigation or the Mexican proceeding, including pending litigation in the United Kingdom. Because the applicant expressly sought leave to serve subpoenas pursuant to 28 U.S.C. § 1782 to obtain documents for use in the Mexican proceeding (see doc. 1 at 6), and the respondent's appeal of the order finding the existence of personal jurisdiction over it for purposes of the order that the documents be produced remains pending, the Court finds that the respondent has shown good cause to limit use of the documents to this litigation and the Mexican proceeding. A protective order consistent with this finding will be entered separately. The Clerk of Court shall **UNSEAL** this case

Case 1:22-mc-91355-FDS   Document 4-6   Filed 07/18/22   Page 36 of 39
Case 4:22-mc-00896   Document 1   Filed on 05/24/22 in TXSD   Page 35 of 38
Case 3:14-mc-00073-G-BH   Document 53   Filed 04/18/15   Page 2 of 2   PageID 1429

after the protective order has been docketed.

**SO ORDERED** on this 18th day of April, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| *In re* Application of<br><br>CFE International LLC,<br><br>            Applicant,<br><br>JG Energy Consulting Corporation,<br><br>            Respondent. | **Case No.**<br><br>**SEALING AND EX PARTE ORDER** |

## FILED EX PARTE AND UNDER SEAL

WHEREAS, the Applicant CFE International LLC ("CFEi") has applied for an order authorizing it to serve subpoenas upon Respondent JG Energy Consulting Corporation ("JG Energy"); and

WHEREAS, CFEi has further applied for an order directing that the entire action be filed *ex parte* and under seal;

**IT IS HEREBY** ORDERED, THAT

    1.    The Motion to File *Ex Parte* and Under Seal is GRANTED, and the Clerk of the Court is directed to place the action under seal.

    2.    Until further Order of the Court, all documents in this action shall be filed *ex parte* and under seal.

    3.    Any applicable notice requirements under Federal Rule of Civil Procedure 45 with respect to service of notice of the subpoenas on the parties to the underlying

criminal case in Mexico are stayed until service of the above-referenced subpoenas upon

JG Energy.


Dated:  Houston, Texas

May_____, 2022


_____
THE HONORABLE

- 2 -